HILL, *v*. BOWERS.

### HENRY S. HILL, *vs* JOHN BOWERS.

THE small meandered lakes, in Michigan, belong to, and are a part of the section or subdivision of land in which they are situated.

The meander lines of our inland lakes are not boundary lines.

*Jury trial, Branch County Circuit Court, October,* 1969.

This was an action of ejectment, brought to recover the possession of eight and 23-100 acres of land, east of and adjoining sixty acres off from the west side of the S. E. 1-4 of Sec. 13, Town 6, S. of R. 7 W., in the County of Branch.

October 1st, 1866, defendant executed and delivered to the plaintiff, a warranty deed of sixty acres of land, off from the west end of the S. E. 1-4 of Sec. 13.

On Sec's. 13 and 24, there is a small lake, between nine and ten acres of which—including the low lands bordering thereon —is in the S. W. corner of the S. E. 1-4 ot Sec. 13.

By the Government survey of this quarter section, the small lake was meandered, and the patent purports to convey "the S. E. 1-4 of Sec. 13, containing one hundred and fifty and 32-100 acres of land, more or less, according to. the Government survey thereof."

The plaintiff claimed that the soil under the lake was still the property of the Government—that the Government survey contains all the land in the quarter section, and that the lake is in no designated section ; and that therefore, the language in the deed, " 60 acres off from the west end of the S. E. 1-4 of Sec. 13," means 60 acres, *exclusive of the meandered portion.*

The proof showed that plaintiff was in the actual possession of all the arable land in the quarter section, west of a certain fence, which would be the eastern boundary of the 60 acres, if the eight or nine acres of lake should be considered a part of the 60; and that he had been in the habit of watering stock at the lake. The defendant, however, claimed that he was not in possession of any part of the lake.

Several questions were raised, on the trial ot the case, which

were ably argued, and many authorities were cited; but as the determination of the case, depended mainly on the question of boundary, and the purpose of meander lines, so much only, of the charge of the Court is given, as bears upon this branch of the case.

The following are among the authorities cited : 1 *Wend.* 237; 1 *Doug.* 19; 14 *Mich*, 53–69; 15 *Johns.* 471; 2 *Johns.* 37; 9 *Paige*, 547; *Ang. on Wat.* 6 *Ed.* § § 5, 9, 23, 26, 41, 42; 3 *B & S.* 732; 36 *Barb.* 102; *Bright. Dig.* 466, *Sec.* 41, *Sub.* 3; 3 *How.* 660–3; *Lesters' Land Laws*, 714; 7 *Wallace* 272; 3 *Ohio*, 495; 8 *Mich.* 18; 10 *Mich.* 125; 18 *Ind.* 433; 21 *How.* 297; 14 *B. Monroe*, (*Ky.*) 160; 4 *Texas* 38; 11 *Ill.* 279.

*Parsons & Pratt*, for Plaintiff.

*Shipman & Loveridge*, for Defendant.

BROWN, J., Instructed the jury that the deed of the defendant to the plaintiff, purports to convey, not only the dry land in the S. E. ¼ of Sec. 13, but the meandered territory.

"In arriving at the fact of whether the plaintiff has the 60 acres called for by his deed, the jury will recon as his, all of the land within the section lines, whether the land be under water or not, west of a certain fence, of which evidence has been given, as being the east line of the land in plaintiff's possession."

The law of Congress, approved Feb. 11, 1805, provides that "all the corners marked in the surveys returned by the Surveyor-General, shall be established as the proper corners of sections or subdivisions of sections which they were intended to designate; and the corners of half and quarter sections, not marked on the said surveys, shall be placed as near as possible, equi-distant from those two corners which stand on the same line."

The south-west corner of the south-east quarter of Sec. 13, is in the lake, " as nearly as possible, equi-distant " from the south-east corner and the south-west corner of Sec. 13.

Meander lines are run for the purpose of determining how much good and arable land there is in the section or quarter section—how much the Government ought to take pay for.

Verdict for defendant.